**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

U.S. MAGISTRATE JUDGE GORDON P. GALLAGHER

Civil Action No. 1:13-CV-01899-PAB-GPG

ERIC A. HEINRICH,

    Plaintiff,

v.

MASTER CRAFT *et al.*

    Defendants.

_____

**ORDER STRIKING PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT MASTERCRAFT ENGINEERING, INC.  (document #47)**
_____

Before the Court is Plaintiff's motion to compel against Defendant Master Craft Engineering, Inc. (document #47).  Plaintiff wishes the Court to enter an order compelling Defendant to correct what Plaintiff believes are deficient answers or productions with regard to: interrogatories 4, 15, 16 and 19; requests for admission 9–11; and requests for production 1-9.  Because the Plaintiff failed to comply with the requirements of D.C.COLO.LCivR 7.1A, the Motion to Compel is STRICKEN.

    Local rule 7.1A, D.C.COLO.LCivR, *requires:*

> The court will not consider any motion, other than a motion under Fed.R.Civ.P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving

party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

Plaintiff's motion states "Fed. R. Civ. Pro. 37(a)(1) Certification. The undersigned has in good faith conferred or attempted to confer with Master Craft in an effort to obtain discovery without court action. *See* ¶ 3, below." Attached to Plaintiff's motion is an approximately 2 ¼ page letter to Ms. Dodd, Counsel for Master Craft, requesting certain additional information and stating "[t]his letter is our good faith effort to confer with you in an effort to obtain proper discovery responses without court action."

The parties do not dispute that the above mentioned letter was the only communication made regarding this issue prior to the filing of Plaintiff's motion to compel (document #47). There is some dispute over whether such conferral might be fruitful which the Court finds irrelevant at this stage.

> The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue. Rule 7.1A serves a particularly important function in connection with discovery disputes because the parties, through negotiations, frequently are able to narrow the discovery requests in a way which eliminates the need for judicial intervention. *Hoelzel v. First Select Corp.* 214 F.R.D. 634 (D. Colo. 2003). The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue. Rule 7.1A serves a particularly important function in connection with discovery disputes because the parties, through negotiations, frequently are able to narrow the discovery requests in a way which eliminates the need for judicial intervention. *Id*. (citation omitted).

The instant case is a perfect example of a circumstance where the conferral requirement might first resolve the issues and if not then at least narrow the issues. Take for example interrogatory 4. Plaintiff asks "How did you qualify the process of welding the balance weight to the Flexplate at issue in this case?" and Defendant Master Craft answers "Master Craft has performed the same welding process for over ten years per ACM's request. Master Craft utilizes a hot welding process to ensure control and quality per industry standard." Plaintiff is dissatisfied with the specificity of this answer because, as Plaintiff argues in its reply (document #58, p. 3) "all welding is hot."

This is an issue which seems to turn on specific industry definitions, definitions which Counsel should familiarize themselves with if they wish to effectively litigate such a case. By sitting down and having a meaningful conferral which should include a discussion of relevant definitions, the dispute over what Defendant Master Craft meant when it answered "hot welding" might be avoided without involving the Court.

Interrogatory 16 gives another such example. Plaintiff asks "Identify all makes, models and types of flexplates manufactured by you since July 1, 2010." Defendant Master Craft answers "The left column identifies Master Craft's job number. The right column identifies the corresponding parts numbers provide to Master Craft by ACM." Master Craft then includes the following chart:

| | |
|---|---|
| 3801 | |
| 3801 HD | 6100 HD |
| 3877 HD | 6102 HD |
| 4021 | 22500807 |

3

| | |
|---|---|
| 4039 HD | 6103 HD |
| 4239 | C5AZ-6375D |
| 4747 HD | G142 HD |
| 4907 | 14085471 |
| 5329 | 53001255 |

| | |
|---|---|
| 5415 | E5TZ-6375D |
| 5467 | D422-6375D |
| 5577 E | 33004359 |
| 5579 E | 33004361 |
| 5429 | 1233837 |

Plaintiff complains in its reply (document #58, p. 4) that the above answer and associated chart are "indecipherable" and that the answer is "evasive, incomplete, and non-responsive."

The Court, at this stage, has no idea as to whether the above chart has any meaning or not. However, a meaningful conferral might have shed light on whether the answer and chart were helpful or not.

One letter with no follow up, however detailed and long that letter may be, is not meaningful conferral. To confer means "to hold a conference; compare views; consult together." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 278–79 (Ninth Printing 1971). On this issue, there has been no conferral.

In addition, conferral is not a one way street. Upon receiving Plaintiff's letter, Counsel for Master Craft was on notice that there was a wrinkle in the discovery process. Both sides have the ability to and responsibility to engage in meaningful conferral and the obligation to do so before bringing this type of dispute before the Court.

It is ORDERED that Plaintiffs motion to compel (document #47), Defendant Master Craft's response (document #52) and Plaintiff's reply (document #58) are all STRICKEN.

Dated this 24th day of May, 2014.

_____

Gordon P. Gallagher

United States Magistrate Judge