# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

United States Magistrate Judge Gordon P. Gallagher

Civil Case No. 13 – CV – 1899 – PAB - GPG

ERIC A. HEINRICH

    Plaintiff,

v.

MASTER CRAFT ENGINEERING, INC.;
AUTO CENTER MANUFACTURING CO.; and
JEG'S AUTOMOTIVE, INC,

    Defendants.

## ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DOCUMENT #48)

    This matter comes before the Court as a result of Plaintiff's motion for leave to amend complaint (document #48). Plaintiff wishes leave to seek exemplary damages pursuant to C.R.S. § 13-21-102 against Defendant Autocraft (hereinafter "ACM") and Defendant Jegs. The motion has been referred to this Court for disposition. Both Defendants oppose Plaintiff's motion to amend. (ACM response document #53 and Jegs response document #57). Defendant Master Craft takes no position as per Plaintiff's conferral notice. (document #48, para. 1). Plaintiffs have replied. (documents # 59 & 60). Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **GRANTS** the Motion to Amend.

The Court will address each of the various objections in turn.

The Colorado exemplary damages statute, C.R.S. § 13-21-102, may not be claimed or included in the initial claim for relief. The statute states "A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue." C.R.S. § 13-21-102(1.5)(a).

The Court in this matter sits in diversity pursuant to 28 U.S.C. §1332 as the amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different States. Thus, pursuant to doctrine stretching back to *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), this Court must apply substantive State law and procedural Federal law. While this pronouncement may seem obvious and esoteric, it will become relevant to the discussion later in this Order.

I. TIMELINESS

A scheduling order was adopted and Ordered by the Court (document #33) requiring amendment of pleadings no later that 2/7/2014. Plaintiff's instant motion was filed on April 25, 2014, over two months after the deadline. Both Defendants ACM and Jegs oppose the motion to amend on the basis of timeliness.

Federal Rule of Civil Procedure 16(b)(4) allows modification of a scheduling order only for good cause and with judicial consent. Federal Rule of Civil Procedure 15(a)(2) allows amendment of a pleading over the objection of a party opponent with leave of the court when "[j]ustice so requires." The parties dispute whether the proposed amendment should be looked at

through the lens of a two-step analysis, *see Pumpco, Inc. v. Schenker Inter., Inc.* 204 F.R.D. 667, 667 (D.Colo.2001) (describing a two-step analysis where the movant must first demonstrate good cause for seeking the modification to the scheduling order under rule 16(b) and then satisfy the Rule 15(a) requirements for amendment). The Tenth Circuit has not yet resolved this issue. *See Rehberg v. City of Pueblo,* 2011 WL 4102287. Thus, the Court proceeds with the analysis only under Rule 15(a).

> Pursuant to Rule 15(a), leave to amend is "within the sound discretion of the trial court," and "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *Childers v. Indep. School Dist. No. 1,* 676 F.2d 1338, 1343 (10th Cir.1982). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter,* 451 F.3d at 1204. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v, U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993). Moreover, the "most important[ ] factor in deciding a motion to amend the pleadings[ ] is whether the amendment would prejudice the non-moving party." *Minter,* 451 F.3d at 1207. *Rogers v. Wesco Props., LLC,* 2012 WL 1018431 *3 (D. Colo. 2012).

Plaintiff argues that the delay in filing with regard to ACM was because on 4/11/14 ACM revealed to Plaintiff that there had been another Flexplate failure prior to the accident giving rise to the instant action. While ACM knew of the other Flexplate failure when it provided its Rule 26 disclosures in this case, ACM did not reveal that information to Plaintiff. ACM disputes that it needed to initially provide the new information in its original disclosures arguing that the new information would not fall within the ambit of Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and that ACM gave enough hints that Plaintiff should have been tipped off to the point that, if diligent, Plaintiff would have timely discovered the information within the time frames set forth in the scheduling order. ACM also argues that Plaintiff is conflating and confusing Colorado

Rule of Civil Procedure 26 which requires parties to provide "[a] listing, together with a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts." Colorado Rule of Civil Procedure 26(a)(1)(B).

This raises the interesting but perhaps ultimately irrelevant issue of which version of Civil Rule of Procedure 26, State or Federal, applies to timing when applying the substantive State law of C.R.S. § 13-21-102 and that law states that the claim may not be added until after initial disclosures occur pursuant to rule 26 of the Colorado rules of civil procedure.

The Court finds that if Colorado rule 26 applies, ACM's initial disclosures were deficient through no action attributable to Plaintiff and thus Plaintiff's motion to amend should not be denied on a timeliness basis. The Court finds that if Federal Rule 26 applies to this circumstance, Plaintiff conducted discovery with due diligence and Defendant's passing allusion to this topic would not have raised such red flags that Plaintiff was dilatory or deficient in its pursuit of discovery on the topic.

Under either theory, Plaintiff timely moved to amend as soon as the new relevant discovery became available form ACM.

With regard to Defendant Jegs, Plaintiff received a CD on 2/21/14 (after the original date to amend set forth in the scheduling order of 2/7/14) which bore information to the effect that the testing agency, SFI, had not in fact conducted the testing of the Flexplate that Plaintiff earlier thought had occurred. The Court, at this stage, is only ruling on the timeliness issue with regard to this information and will address the substance of the evidence later in the order. Based on the evidence presented and the arguments of Counsel, the Court will allow the amendment as to Jegs on a timeliness basis. The Court does so for the reasons set forth below even though there was a

delay of more than 2 months from the time the new information was revealed until the motion to amend was filed.

In this case, there is no prejudice to the parties by allowing Plaintiffs to amend the complaint at this time. Courts typically find prejudice "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1208 (10th Cir.2006). In this circumstance, Plaintiffs' new proposed claims arise out of the same set of facts and circumstances that are alleged in Plaintiffs' original Complaint. The new claims are related to the original claims and do not involve new facts.

Despite the delay, at the time the motion was filed, the deadlines for discovery and dispositive motions were still several months away and the case had not yet been set for trial. "Lateness does not of itself justify the denial of the amendment." *Minter,* 451 F.3d at 1205; *see also R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751 (10th Cir.1975) (no abuse of discretion where court granted leave to amend complaint to add new claims five and a half weeks before trial because amendments did not propose substantially different issues). Only where there is "undue delay," i.e. where the party filing the motion has "no adequate explanation for the delay," is denying a motion to amend appropriate. *Minter,* 451 F.3d at 1205–06. Based on the totality of the discovery picture, I find Plaintiffs have satisfied Rule 15(a)'s requirements for leave to amend.

II.   PRIMA FACIE PROOF OF A TRIABLE ISSUE

In accordance with Colo.Rev.Stat. § 13–21–102(1.5)(a), it is the discovery process, not

the initial complaint, that must supply the requisite prima facie evidence. *Stamp v. Vail Corp.,* 172 P.3d 437, 449 (Colo. 2007). Defendants dispute whether Plaintiffs have provided prima facie proof of a triable issue of exemplary damages through the material submitted.

> Prima facie proof of a triable issue of exemplary damages is established by "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Leidholt,* 619 P.2d at 771 n. 3. Such proof may be established through discovery, by evidentiary means, or by an offer of proof. *Id.* at 771. Prima facie evidence is evidence that, unless rebutted, is sufficient to establish a fact. *In re Piercen's Estate,* 118 Colo. 264, 266, 195 P.2d 725, 726 (1948); *see* Black's Law Dictionary 598 (8th ed.2004). *Stamp supra at* 449.

Plaintiff alleges that with regard to ACM, the prima facie evidence now revealed is that ACM did not inform Jegs, the seller of its product, and the general public, as to a failure of a Flexplate prior to the incident in this case. Plaintiff argues that such a failure to warn constitutes willful and wanton conduct thus giving rise to the claim for exemplary damages. While ACM argues that facts may be shown later to dispute the merits of this claim that is not the issue at this time. The issue is whether Plaintiff has made a prima facie showing with regard to Defendant ACM and the Court finds that Plaintiff has.

Plaintiff alleges that with regard to Jegs, the prima facie evidence now revealed is that Jegs did not in fact subject the Flexplate in question to SFI testing and instead covered up the words "non-SFI" on the Flexplate with a sticker indicating that SFI testing had in fact occurred. Plaintiff argues that such fraud gives rise to the claim for exemplary damages. While Jegs argues that facts may be shown later to dispute the merits of this claim that is not the issue at this time. The issue is whether Plaintiff has made a prima facie showing with regard to Defendant Jegs and the Court finds that Plaintiff has.

The Court emphasizes this order does not address the merits of awarding exemplary

damages in this case, but limits the order to recognizing that the issue of exemplary damages can properly be included in the pleadings at this point, therefore permitting Plaintiffs to amend their complaint.

The Plaintiff's motion to amend is granted. The Clerk of Court is directed to file Plaintiff's Amended Complaint.

Dated at Grand Junction, Colorado, this 31st day of May, 2014.

_____
Gordon P. Gallagher
United States Magistrate Judge