# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

United States Magistrate Judge Gordon P. Gallagher

Civil Case No. 13 – CV – 1899 – PAB - GPG

ERIC A. HEINRICH

      Plaintiff,

v.

MASTER CRAFT ENGINEERING, INC.;
AUTO CENTER MANUFACTURING CO.; and
JEG'S AUTOMOTIVE, INC,

      Defendants.

## ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOCUMENT #90) OF THE COURT'S ORDER OF 10/1/2014 (DOCUMENT #80)

      This matter comes before the Court as a result of Plaintiff's motion for reconsideration (document #90) of this Court's Order dated 10/1/2014 (document #80). The motion has been referred to this Court for disposition (document #91). Defendant Master Craft has responded. (document #99). Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **DENIES** the motion to reconsider.

      The heart of this case involves a flex plate (a metal plate designed to spin rapidly inside of a mechanical device) and some weights which were welded to it. One of those weights came off the flex plate, which was spinning rapidly inside of a race car, shot through the air, and into the leg of Plaintiff Heinrich, thus causing injury. There is no doubt that the why and how of the

flex plate-weight separation, as elucidated by the experts, will be critical to any determination made in this case.

The pending motion is the result of a somewhat tortuous history. A scheduling order (document # 31) exists in this matter setting forth the number of experts each side may utilize. Plaintiff listed five experts, which did not include the disputed Dr. Cornelissen. Plaintiff's initial expert designation included two welding experts (Mr. Maxwell and Mr. Young). Defendant Master Craft listed as a welding expert Dr. Grantham. From a simple review of the various experts' qualifications and their reports, it appears that Defendant Master Craft upped the ante by retaining Dr. Grantham, and obtained an expert with significantly more scholarly education in the field who drafted a more in depth report on the subject matter.

Defendant's expert, in his report, suggested and stated that there were significant areas of fault/deficiency in the report filed by Plaintiff's experts and listed numerous tests that needed to be conducted such that a full analysis of the flex plate at issue in this case was sufficiently analyzed. As a result of these suggestions, Plaintiff went back to his experts and those experts declined to conduct the additional testing on the grounds that they were not sufficiently experienced and did not have the equipment to do so. This left Plaintiff in the posture of needing a more qualified expert, thus involving the disputed Dr. Cornelissen in this affair.

Plaintiff retained Dr. Cornelissen, the additional testing was conducted with the knowledge and apparent assent of all parties, and Dr. Cornelissen drafted a detailed report critical of Dr. Grantham's analysis. Plaintiff filed an additional expert designation listing Dr. Cornelissen as a rebuttal expert. The Court finds it important that all parties knew of Dr. Cornelissen's involvement in the additional testing prior to its occurrence and that the motion to strike was not forthcoming until after the receipt of Dr. Cornelissen's report.

Defendant Master Craft filed a motion to strike Plaintiff's designation of Dr. Cornelissen (document # 80) as a rebuttal expert under the theory that the additional designation would put Plaintiff over the five expert limit set forth in the scheduling order. Plaintiff responds that the scheduling order limit of five experts applies to original experts only and not rebuttal experts. The scheduling order is regrettably silent as to which of these theories is correct, thus giving the Court little guidance in this matter.

A hearing was held in this matter on October 1, 2014 during which oral argument was held. The Court identified a number of issues which needed to be decided:

1. Should Dr. Cornelissen be allowed to testify;

2. If yes, should he be considered an expert in Plaintiff's case in chief or in any rebuttal case;

3. If he is an expert in Plaintiff's case in chief, what should be done regarding the surplusage of experts Plaintiff has now endorsed;

4. What areas should Dr. Cornelissen be allowed to address:

5. What should be done about any prejudice to Master Craft if Plaintiff is allowed to keep Dr. Cornelissen.

At the conclusion of the hearing, the Court ruled orally and later issued a written order on the subject outlining in detail the ruling (document #87).

Plaintiff now moves the Court to reconsider two parts of the Court's Order: costs regarding the Dr. Cornelissen deposition, and the limitation that Dr. Cornelissen may not testify as to his 7th concluding opinion regarding the lethal kinetic energy of the balance weight.

The Court, in the hearing on October 1, 2014, was attempting to strike a balance in an unfortunate situation. A full review of Dr. Cornelissen's potential testimony shows that he is not


truly a rebuttal expert and should not be treated as such. He is in fact a principal/ case in chief expert and needs to testify as such. Allowing Dr. Cornelissen to testify as a rebuttal expert, when he advances new and far expanded theories, would have been seriously damaging and prejudicial to Defendant Master Craft's case and would have been fundamentally unfair. Master Craft would have been placed in the position of not being able to rebut new and significant theories by the expert as to why the flex plate/weight weld failed. On the contrary, striking Dr. Cornelissen, in a case which can likely be described as a battle of the experts, would have left Plaintiff at a serious disadvantage. Allowing Plaintiff to endorse a 6th principal expert, one in excess of the five allowed, would be unfair to Defendant and in violation of the scheduling order.

This Court is mindful of the 10th Circuit's non-binding pronouncement in *Gillum* that "The parties to a litigation are not mere players in a game, trying to catch each other out. Rather, litigation should promote finding of the truth, and, whenever possible, the resolution of the case on the merits." *Gillum v. U.S.*, 309 Fed.Appx. 267 (2009) (10th Circ., unpublished).

This entire controversy has arisen near to the close of discovery in this matter and has caused some delay. No trial date is yet set. In terms of overall prejudice to Defendant Master Craft, the Court can see none except for financial ramifications of having to conduct the deposition of Dr. Cornelissen and the fact that Defendant will have to rebut a potentially more qualified expert. Based on expert filings, parties make financial decisions and litigation budgets. The addition of Dr. Cornelissen certainly added to the costs of this litigation and the deposition of Dr. Cornelissen was undoubtedly more expensive than the cancelled deposition of Mr. Young, the replaced expert.

For all of those reasons, the Court Ordered that Plaintiff pay for the costs associated with Dr. Cornelissen's deposition. This was not meant as and is not a punitive sanction. This is a

matter of balancing the competing interests of allowing a new expert, an expert who will testify in Plaintiff's case in chief, to stay endorsed, over the cogent objections of Defendant. Striking Dr. Cornelissen would, in the Court's judgment, have been very detrimental and potentially struck a fatal blow to Plaintiff's case but not in a manner that sought the truth. Because of the overall charge to the Court in Federal Rule of Civil Procedure 1, that the rules should be construed in such a manner as to secure a "just" determination of the action, Plaintiff will be allowed to use Dr. Cornelissen. Striking Dr. Cornelissen would not assist in finding the truth of this matter but would instead unduly punish Plaintiff for what the Court perceives to be a tactical error, albeit one that was caught in time for correction. If anything, the Court believes that Defendant Master Craft got the worse end of this arrangement. At the very least, Master Craft's unexpected costs in this area should be paid.

The Court will now move on to the matter of the Court's preclusion of Dr. Cornelissen from testifying regarding his 7th concluding opinion regarding the lethal kinetic energy of the balance weight and other factors within that bullet point. As stated above, one of the factors that the Court considered in reaching a decision was the argument that Dr. Cornelissen was a rebuttal expert. While the Court did not find this to be the case, there are certainly some rebuttal aspects to the way this entire situation played out, particularly with regard to the way the additional testing was set up in response to Dr. Grantham's report. In addition, as stated above, the parties all knew about the additional testing and Dr. Cornelissen's involvement in that testing and tacitly agreed to it.

The 7th concluding opinion regarding the lethal kinetic energy of the balance weight was never involved in that analysis at all and is truly new. There is no argument that Dr. Cornelissen

is rebutting Dr. Grantham if he is allowed to opine regarding the lethal kinetic energy issue.  The Court is not going to allow Plaintiff to add a new expert on a new subject in this fashion.

For the foregoing reasons, Plaintiff's motion to reconsider is denied.

Dated at Grand Junction, Colorado, this 18th day of November, 2014.

_____
Gordon P. Gallagher
United States Magistrate Judge